Thank you, Judge. May it please the Court, my name is Mark Caldwell. I'm here this morning representing Sarah Wolf in this child's disability case. As a preliminary matter, if I may, I'd like to request permission to reserve two minutes for rebuttal. You may reserve. Just watch your time. Thank you, Judge. There's two ways this Court can handle this case. The first one I'll only address briefly because I think it's pretty straightforward. That's a claimant for a ward of benefits. The case I would cite in support of that is the Schneider case, where this Court said that lay testimony can be credited. And in Schneider, the Court indeed used lay testimony to find that the claimant's condition equaled the presumptive disability criteria in the listing of impairments. This case is a little bit easier than Schneider in two respects. One, in Schneider, the ALJ found that the lay testimony was not credible, or at least didn't consider it. Here, the ALJ specifically found that the aunt's testimony, Sherry Howard's testimony, was credible. He just didn't factor it into his conclusions. Two, the 1996 amendments don't require a citation to a specific listing when finding equivalence. It's sufficient to find that equivalence is, in general, to the listing of impairments. That's the easy part. The hard part is, if this case, this Court decides to remand this case for further proceedings, in that case, I believe we are faced with a question of first impression, and that is interpretation of the statute that requires the Commissioner to make reasonable efforts that a pediatrician or other appropriate specialist evaluate the individual's case. Here, the ALJ was unable to testify at the hearing. He specifically declined to do so. So we know that the ALJ made no effort to call a medical expert to evaluate the case of the individual. Instead, the ALJ based his decision, and I'm quoting directly, my review of the medical evidence. The ALJ made a review of the medical evidence in his decision, then reached a conclusion that the claimant did not equal the listings, but he never married those two things together. Why does a review of the medical evidence fail to show that the claimant equaled the criteria of the listings? That's exactly the practice that this Court discouraged in the Regenreiter case, where it said simply listing objective factors, even if done seriatim, is not enough to fulfill the ALJ's obligations. The district court, although I realize the district court's decision isn't what's being reviewed here, but the district court made what I consider to be a mistake. The district court said, well, the child's had a lot of evaluations. A lot of people have seen this child, and that pretty much was what the ALJ said, too. My response to that is the plain language of the statute doesn't say the Commissioner shall make a reasonable effort to have the child examined, because there are already provisions for that in terms of consultative examinations. The Commissioner said the statute says that the Commissioner must make a reasonable effort to have the case evaluated. I think a reasonable reading of that statute is the entire case. The entire case includes the additional evidence submitted before the ALJ, which in this case was very important, because it was the Arizona long-term care assessment that found the child was at risk of institutionalization. The additional the case involved the aunt's testimony, and I think that was very important. Even the ALJ said she was credible, and she identified a number of deficits that I think a medical expert would have looked at. It's also not enough that the non-examining State agency physicians reviewed this child's case at the initial and the reconsideration stages. Again, that was already provided in the statute, provided for at the time the statute was enacted. If that was enough, then the statute would have no meaning. And I think it's the principle of statutory construction that it should not be interpreted in such a fashion. There's no legislative history on this, is there? I tried mightily to find anything at all, and I couldn't find a thing, not a thing. Because in this child, this was a cutback on the statute, was a cutback, as I recall, on the benefits available. Isn't that correct? Overall? Overall, I would agree with that, yes. But this does introduce the notion that there would be a qualified pediatrician. Or other qualified. But I take it the argument is, in case of child disabilities, Congress appears to have been focused on getting someone who's familiar with child diseases and development. So the other individual, is it enough if they are just someone who's inexperienced in dealing with psychiatric problems or rheumatoid arthritis, or whatever it may be, doesn't necessarily have to be a pediatrician? Or do the people who testify, evaluating the case, have to be specifically qualified in childhood diseases? That would certainly be my argument. For example, there's some mental aspects to this case. If the ALJ just called a psychologist, somebody with Ph.D. after their name, I'd say, wait a minute, let's find out what kind of psychologist. And if that psychologist isn't a child psychologist, or at least can't say, well, I've got experience in dealing with children, I would object. I would say if the statute says appropriate specialist, and that's not an appropriate specialist. Does that answer your question? Yes, thank you. Okay. There are a couple other things that I'm only going to touch on briefly because they're not the overall focus of the case. But the other problem with this case is the ALJ's selective analysis of the evidence. Most specifically, his failure to look at the Arizona long-term care evaluation that said this child was so impaired that she was at risk of institutionalization. Also contrary to the ALJ's version of the facts, found that the child needed occupational speech and physical therapy. The other problem, again, just touching on it briefly, is that the ALJ was very unclear as to how he was reviewing this. As you just mentioned, Judge Fischer, there was a statutory change here. Yet the ALJ not once, not twice, but three times says he's reviewing this case as a continuing disability review for medical improvement. That has nothing to do with the statutory changes that you mentioned. At that point, then, unless there are further questions from the Court, I will reserve the rest of my time. All right. Judge Gibson? Judge Gibson, any questions? No questions. Okay. Thank you. Inclusive Court, my name is William Dawson, appearing on behalf of the Commissioner of Social Security. The appellant's argument that the Commissioner did not comply with the Statute 42 U.S.C. Section 1382 CA3I. Could you speak up a little? I can't hear you. Okay. Is completely without merit. Here, the appellant's case was evaluated by two state agency physicians. The case? The case was evaluated? Yes, that's right. The state agency physicians basically take a look at the available medical evidence and determine whether or not the child meets, equals, or functionally equals the listings. Notably, in this case, Dr. Kirshnevik is a pediatrician, as indicated by the AMA Medical Association, American Medical Association's website. That's in the record? That's not in the record. Is that enough? I mean, the ALJ didn't evaluate him as an expert to evaluate the case, per se, did it? The ALJ did not, no. The ALJ did not. You're just saying because there's these two folks, two doctors in the record, that's enough to meet the statute? That's enough to meet the statute alone. In addition to that, the ALJ did send the child out to have a consultative psychological evaluation on two occasions, and this was done by Dr. Leonard on August 1997, and this is at excerpts of record 16 through 21, and she also evaluated him on April 1998, excerpts of record 27 through 31. Notably, Dr. Leonard is a specialist in child psychology, and this is indicated on her letterhead at excerpts of record 27, I believe. It says, Elizabeth L. Leonard, Director of Clinical and Neurobehavioral Disorders, Child and Adult Psychology. Finally, the commission was not obligated to consult other appropriate specialists, as the district court found. The appellant was evaluated by numerous medical and non-medical specialists. She was evaluated by at least 11 separate specialists, developmental psychologists, child psychologists, a neuropsychological fellow, school psychologists, occupational therapists. This is an issue that's troublesome to me because I do note that this statute cut back on benefits to children, but did take the trouble to specify that it would be a qualified pediatrician or other individual like knowledge to evaluate the case, and what I'm concerned about, although in this case, there seem to be, have been a lot of doctors looking at this unfortunate young girl, that somehow the notion that the ALJs can satisfy the statute by saying, well, you know, they're examining or consulting doctors here who fit the category of having pediatric-type experience. And so that's enough to satisfy the mandate of the statute. I don't find that an appealing reading of the statute. It doesn't seem consistent with what Congress had in mind, that they wanted an expert who would assist the ALJ who may not be familiar with the peculiarities of childhood diseases and the difficulties instead of dealing with... Can I just finish? Okay. Because I'm really interested in getting your complete thoughts on this. That if the ALJs are going to start relying on just the witnesses who are brought forward, that does not seem to be what the statute contemplates. It contemplates that the ALJ make an effort to get that expertise to help him or her evaluate the case. And that's why I'm concerned, even given the number of people you're listing here, did those people really evaluate the case? Or did they come in, as we so often see, we had a case yesterday where the surgeon looked at the woman's chronic sinus condition, but he was just looking at a narrow issue. Yes, he was an expert in sinusitis or whatever, but he wasn't there to evaluate the full picture. And you all were arguing, your administration was arguing, well, you know, there's not enough evidence to support that. So how do we assure that the ALJs actually treat this congressional mandate seriously? Usually, you're right, you're correct. When the ALJ does send the claimant out for an evaluation, it is usually just a snapshot at that point in time. On some occasions, the evaluators are able to review some of the medical evidence of record, and they usually indicate that. So sometimes they might evaluate the case. But the way the commissioner usually has doctors evaluate the case is at the initial reconsideration levels of review. And in this case, the statute is worded in a way that it's not necessarily the ALJ has to have a medical specialist evaluate the case. It says, the commissioner shall make reasonable efforts. And it seems that the intent of the statute is to make sure that there is at least a doctor to evaluate the case, because sometimes a claimant may come forward and not have any medical evidence. They might just have just a couple reports from occupational therapists or speech therapists or lay witness reports. This is a way to ensure that you at least have a physician, an appropriate specialist, evaluate the case. And that's what happened in this case. The claimant was, the case was evaluated by two state agency physicians. And they came in at what stage? They came in at the initial and reconsideration levels of review. In this case, it's a redetermination case. They determine the case over again. And it was Dr. Kirschvick evaluated the case in September 1997. And Kirshner evaluated the case about a year later in May 1998. What was his specialty? Dr. Kirschvick's specialty is not indicated in the record. But I did some research on the American Medical Station's website, which indicates he is a pediatrician in this case. I'm all for the website, but how do we substantiate what's floating around on the website as to whether it's accurate or not? Or do we just take that on faith? You can take it upon judicial notice. If you'd like, I could make a motion for that. Judicial notice of somebody's? You better start citing authority. Somebody's credentials. We'll start getting those on Doebert motions, and we're in big trouble. Okay, plaintiff or appellant also argues that the standard in this case wasn't necessarily clear. But the ALJ indicated that he did redetermine an appellant's case under Public Law 104-193. He did mention the continuing disability review procedures in his decision, but he also specifically stated that the case was being redetermined under Public Law 104 at Excerpt of Record 75, 73, and also 84. In his final findings, he also indicated that he redetermined the case under Public Law 104-193. That may be true, but as we heard in a different context today, a judicial officer can make statements that push the right buttons, but substantively do something quite different. And the concern one has when the ALJ repeatedly cites the wrong process, he may invoke the statute, but how do we know he wasn't really applying a different standard, even though he invoked the right statutory authority? In this case, the substance of the decision indicates that it was a redetermination decision. He looked at all the evidence since she was found disabled, indicated that the evidence did indicate some improvement in this decision. In this case, because it was redetermination, he didn't have to find that there was an improvement in her condition. Because under the new statute, it was more stringent to become disabled. He just went through the new functional domains, indicated that, yes, there was some improvement, but under the new standard, she didn't meet equal or functionally equal to the listings. All right. Judge Gibson, do you have any further questions? Oh, I've been asking that for a little while. Okay. Judge, there are a few points I want to make. I'm really not happy about hearing about extra evidence, extra record evidence at the time of oral argument, especially when it wasn't in the brief, but I don't think that's important. What's important is the administrative law judge in this case did not even mention the State agency physicians in his opinion. They didn't even exist as far as that opinion was concerned. Yet the Commissioner is saying that that satisfies the statute's requirement. Not only is that legally incorrect in terms of what I believe would be the reasonable intent of Congress, it's certainly factually incorrect under the facts of this case. But let's look at what the Commissioner just said. The State agency physicians reviewed the available medical evidence. Everything in this case was not available to those physicians. In particular, the Commissioner relies upon Dr. Leonard's second evaluation. At excerpts of Record 30, Dr. Johnson says this child should be sent out for a neurological evaluation. At excerpts of Record 38 through 39, we had that neurological evaluation that Dr. Leonard never saw. A physician who had testified at the hearing would have had both of those items of evidence available to him or her to evaluate the case, and that I think is very important. The only other point I want to make is about this standard of review by the ALJ, rather, and that is that it's hard for me to understand how the Commissioner can say, well, this business about medical improvement wasn't important because he also cited the statute, when the ALJ himself in his decision mentions that improvement is part of the reason for why he's making the decision that he's making. Under this Court's case in Holahan and the Eighth Circuit's case in Goud, that would not necessarily carry the day in and of itself, but the point is it certainly is a matter of concern regarding what the ALJ, as you mentioned, Judge Fischer, had in his mind. Are there any other questions from the panel? Dr. Kennedy, I would be interested in your take on the statutory provision that says that the Commissioner shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate for the disability of the individual evaluates the case of this individual. Does that mean that there has to be one person testifying at the hearing that sums it all up, or can it be the evaluation, other individual who specializes in the field is evaluating what those disabilities are? As a practical matter, I mean, I'm in the trenches. I'm a practitioner doing this. ALJs call medical experts to come into the hearing. I mean, that's just how it's done. I've never seen it done in any other way. Some ALJs call a medical expert every single case, which I approve of. Could there be a different way of doing it? The answer is yes. An ALJ could bundle up the whole record and send it off to an expert and say, you know, here's a list of interrogatories, and send me a copy of them and allow me to respond, and, you know, we could go down that road. As a practical matter, I think that's more difficult than having an expert actually come into the hearing where you can cross-examine them and get it all done at once. But this case illustrates an important point, though. The ALJ found that Sherry Howard, the aunt, was credible, and she listed a whole bunch of things that I think, as I already said, justify reversal and remand for awarded benefits under Schneider. But having said that, if you just bundled up the documents themselves and sent them to a medical expert and said, here they are, read them and give me your opinion, that still wouldn't substitute for what I believe is the more helpful route of being there and listening to the witness testifying, and as so often actually happens in these cases, medical experts saying to the judge, do you mind if I ask a question? And that's the way it's done. So you're suggesting that this medical expert would sit through the entire proceedings? That is how it's done in practice, in Phoenix, where I practice, and I think that's the better way for it to happen. But to answer Judge Huff's question directly, does the statute actually require that? No, I don't think so. I would just guess the magistrate judge who reviewed all this made an extremely thorough evaluation of all the various people, probably more so than the administrative law judge did. I agree. And I'm just curious as to whether that would be enough under the to comply with the statute. Okay. The answer to that is absolutely no. Even though the man – well, first of all, the magistrate judge, this guy did a very good job, I agree with you, doesn't substitute for what the ALJ did. It's the ALJ who has to make the decision. But two, it's not enough to say here are all of the evaluations as a judge, whether it be an ALJ or a magistrate judge or any other judge, and then turn around and say, well, here's my medical judgment as to whether this child meets or equals the medical criteria in the listing of impairments. And I have this rather horrendous footnote in my brief about ALJs acting as their own expert witnesses, and that certainly would be my point in response to that question. Okay. Okay. All right. Judge Gibson, any further questions? No questions. All right. The case is arguably submitted. Thank counsel for their arguments, and we will stand adjourned. Thank you.
judges: Hug, Gibson, Fisher